1

**WO**

2

3

4

5

6

7   IN THE UNITED STATES DISTRICT COURT

8   FOR THE DISTRICT OF ARIZONA

9   Jay Jeffers,                              No. CV10-1333-PHX-DGC

10                  Plaintiff,                **ORDER**

11   vs.

12   Kianoush Kian, M.D., also known as
    Advanced Laser Eye Center of Arizona;
13   and Mercy Health Care Group, also known
    as Mercy Care Plan,
14

15                  Defendants.

16

17         Plaintiff Jay Jeffers commenced this action by filing a pro se complaint against

18   Defendants on June 24, 2010.  Doc. 1.[1]  The complaint asserts a medical malpractice

19   claim against Dr. Kian, whose alleged negligent eye care resulted in Plaintiff losing sight

20   in his left eye.  *Id.* at 5.  Liberally construed, the complaint appears to assert a claim for

21   breach of contract or other duties against insurer Mercy Health Care Group ("Mercy").

22   *Id.* at 9, 11-12.

23         Defendants have filed motions to dismiss.  Docs. 15, 16.  Plaintiff has responded

24   (Docs. 19, 21, 22, 25, 28, 33) and Defendants have replied (Docs. 20, 24, 26).  Plaintiff

25   also has filed a motion to amend the complaint.  Doc. 37.  For reasons that follow, the

26   complaint will be dismissed for lack of subject matter jurisdiction and leave to amend

27   ────────────────

28         [1] The parties refer to Plaintiff as both Jay Jeffers and Jay Jeffries.  The Court will
    refer to him as he his named in the complaint, that is, Jay Jeffers.

will be denied.[2]

## I.      Dismissal.

This federal court is a court of limited jurisdiction, and "the presumption is that it is without jurisdiction unless the contrary affirmatively appears." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970). Pursuant to federal statutes, the Court has subject matter jurisdiction over cases that present federal questions, 28 U.S.C. § 1331, or diversity of citizenship among the parties, 28 U.S.C. § 1332. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (federal courts "possess only that power authorized by Constitution and statute").

The complaint asserts no federal claim, nor does it cite a federal statute or a provision of the United States Constitution. Federal question jurisdiction under 28 U.S.C. § 1331 is therefore lacking. Plaintiff and Dr. Kian are residents of Arizona, and Mercy is a citizen of Arizona given that it is incorporated and has its principal place of business in this State. Thus, diversity jurisdiction under 28 U.S.C. § 1332 does not exist. Because the complaint provides no other basis for subject matter jurisdiction, the complaint will be dismissed without prejudice for lack of jurisdiction. *See* Fed. Rs. Civ. P. 8(a)(1), 12(b)(1).

## II.     Denial of Leave to Amend.

The Court recognizes its obligation to freely give leave to amend when justice so requires, Fed. R. Civ. P. 15(a)(2), and to "ensure that pro se litigants do not unwittingly fall victim to procedural requirements," *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996). While this mandate is to be heeded, leave to amend may be denied if the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiff states in his motion to amend that he filed the complaint in this Court because he is proceeding pro se and did not know the proper court in which to bring suit.

---

[2] Defendants' request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

But he does not dispute that the Court is without subject matter jurisdiction over this matter.   *See* Docs. 37, 38.   Nor do the proposed amendments (Doc. 39) cure this jurisdictional defect.   Leave to amend therefore will be denied and the case dismissed without prejudice.   *See Leadsinger, Inc. v. BMG Music, Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where the complaint could not be saved by amendment); *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009) (futility of amendment alone can justify denial of a motion to amend).

Plaintiff notes that as a healthcare insurer Mercy has connections to the federal social security system (Docs. 33, 39), but this does not change the fact that Mercy is a citizen of Arizona for purposes of diversity jurisdiction.   Nor does it cause Plaintiff's state law claims to become federal claims for purposes of federal question jurisdiction.

Plaintiff further notes that he had to file suit when he did to comply with Arizona's two-year statute of limitations.   Doc. 37.   The limitations period, however, has no bearing on this Court's subject matter jurisdiction.   Plaintiff is advised that to the extent his state law claims were brought in this Court within the applicable limitations period, they may be re-filed in state court within six months of the date of this order pursuant to Arizona's savings statute, A.R.S. § 12-504.   *See Albano v. Shea Homes Ltd. P'ship*, --- F.3d ----, 2011 WL 339207, at *14 n.11 (9th Cir. Feb. 3, 2011) (Arizona's savings statute was enacted to "'allow an action, dismissed for reasons unrelated to the merits after the statute of limitations has expired, to be reinstated if a second action is promptly filed thereafter") (citation and alteration omitted).

**IT IS ORDERED:**

1.      Defendants' motions to dismiss (Docs. 15, 16) are **granted**.

2.      Plaintiff's complaint (Doc. 1) is **dismissed** without prejudice for lack of subject matter jurisdiction.

3.      Plaintiff's motion to amend the complaint (Doc. 37) is **denied** as futile.

4.      Plaintiff's motion for the Clerk to prepare a summons (Doc. 13) and motion

for extension of time to file response (Doc. 18) are **denied** as moot.

       5.     The Clerk is directed to enter judgment accordingly.

Dated this 8th day of March, 2011.

David G. Campbell
United States District Judge